## WEYMAN *et al. v.* CITY OF ATLANTA.

1. While the law authorizing proceedings to remove clouds on title should be liberally construed, no one except the true owner of the property can maintain such an action.
2. Except in the case of wild lands, it must appear that the petitioner was in possession, and he must state facts, and not mere conclusions, showing that he has title to the property.
3. From the face of the petition it appeared that the city lot was vacant ; that the petitioners were not in possession ; there was no showing that they had perfect title to the land ; and it affirmatively appeared that the defendant in good faith claimed the title, or a lien on the land, by virtue of an instrument executed in pursuance of a tax sale junior to the date of the plaintiffs' deed. The court did not err in sustaining the demurrer to the petition.

Argued January 31, — Decided March 27, 1905.

Equitable petition.      Before Judge Lumpkin.      Fulton superior court.      January 27, 1904.

S. T. Weyman and George W. Connors brought a petition to remove a cloud on the title to a vacant lot in the City of Atlanta, which, it was alleged, belonged to the petitioners in fee. They claimed that in 1899 the land was levied on as the property of Mrs. Janie P. Thompson, for city taxes for the year 1899; that it was sold on December 5, 1899, and bought in by the City of At- lanta under a provision of its charter authorizing it to bid the amount due for taxes; that the property was not redeemed, and on February 7, 1901, the city made a deed to J. L. Edwards; that Edwards conveyed to the plaintiffs, and that Mrs. Thompson in June, 1903, made a quitclaim deed to the plaintiffs; that notwith-standing these facts the City of Atlanta is setting up a claim to the property under two tax deeds, one dated December 4, 1900, in pursuance of a marshal's sale for tax for the year 1900, and the other in pursuance of a deed dated April 1, 1902, under a sale for tax for the year 1901; and that, having purchased the land at its own marshal's sale of December 5, 1899, the city could not levy on the lot as the property of Mrs. Thompson for the taxes which accrued in 1900 and 1901.      By its demurrer the city contended that the tax sale of December 5, 1899, conveyed only an inchoate interest, which could not become perfect in the city or other pur-chaser until the expiration of the redemption year; that during that period the property was in the possession of Mrs. Thompson, and she was liable for taxes therefor; that her title, interest, or equity of redemption was properly sold on December 4, 1900; that this sale occurred before the expiration of the redemption year; that the deeds from the marshal and the deeds from the city, attached as exhibits to the petition, show that the city had not conveyed to Edwards the fee to the lot, the same reciting that the city "doth hereby release, remise, transfer, and quitclaim, except as hereinafter excepted, unto J. L. Edwards. . . The intention of this quitclaim is to release this property only for taxes for the year 1899, and not to release it from any other lien in favor of the City of Atlanta for taxes accruing for years other than for the year 1899, or subsequent thereto, or for street or sidewalk paving, or sewer assessments, if any, unpaid."      The city also relied on the averment in the petition that the property was "vacant."      It

insisted that there was no sufficient allegation that the petitioners had a perfect title to the property, they making no averment to show that the property belonged to Mrs. Thompson at the time it was levied on for the taxes for the year 1899. The court sustained the demurrer, and the plaintiffs excepted.

*Zahner & Logan*, for plaintiffs.

*James L. Mayson* and *W. P. Hill*, for defendant.

LAMAR, J. (After stating the foregoing facts.) There is some logical inconsistency in the rules relating to the removal of clouds on titles. If the defendant's claim is valid, it can not be cancelled. If it is absolutely invalid, some decisions hold that the courts will not deal with the question. The complainant, therefore, can secure relief only by setting up a state of facts between these two extremes. Yet one may have an absolutely perfect title to land, but an outstanding claim, be it never so groundless, may prevent the owner from selling his property. The intending purchaser may even be convinced that the claim does not come within the technical definition of a cloud, and be willing to buy the land and assume the risk. He knows, however, that the next purchaser may take a different view, and refuse to buy because, though the title is good, there is a possibility of a lawsuit. As a practical question, it is not so much the validity as the existence of an outstanding claim that vexes the owner by preventing a sale. The marketable character of a title may be as effectually defeated by an instrument certainly void as by one which is not so apparently invalid. Considering the object sought to be accomplished, it would seem that a bill should be maintainable to remove anything, no matter how void or how invalid, if as a fact it interferes with the rights of a true owner. Indeed, the more invalid it is the less right has the defendant to allow it to prejudice the owner, and the greater reason why the court should decree its cancellation. Considering again the object sought to be accomplished, it would seem that the very fact that the defendant resists the removal of the instrument is such a reliance upon it, or such an assertion of a right under it, or such a covert threat to use it in the future, as to make it a cloud, if it were not already such. The only reason why harmless and void instruments should not be ordered canceled is that the judgment against the defendant might impose the

costs upon him.    That he can avoid by a disclaimer.    But if instead of disclaiming he resists the cancellation, the court should proceed ; and if it be found that in law and in fact the instrument operates to becloud the title, the proper decree should be entered, so that the plaintiff may be undisturbed in the right to sell — itself an integral and essential incident to the right of property and its enjoyment.    Of course, a mere verbal claim or an oral assertion of ownership is not a cloud which can be removed by decree. *Waters* v. *Lewis*, 106 *Ga.* 758.    The remedy in such cases is by an action for damages for slander of title (Civil Code, § 3883), or by injunction.    But in view of the law as codified in the Civil Code, §§ 4892, 4893, the instrument may be canceled, not only when it meets the definition of a technical cloud, but also when it may be vexatiously or injuriously used against the owner or when it casts suspicion upon his title, or when it subjects him to future liability or present annoyance and the cancellation is necessary to his present protection.    Names should be disregarded, and relief should be afforded against the harmful effect of the instrument whether it as a matter of strict law ought to have that effect or not.

But this remedy is not given to one whose title deed may itself prove to be a cloud.    The law does not contemplate that after securing a decree of cancellation against some one else the claimant should himself then be in a position where his title deed can be removed at the instance of still another claimant of the land.    The remedy is given to the "true owner."    His petition should contain not mere conclusions, but statements of facts showing that he is the true owner and that he has a title.    Except in cases relating to wild land, the petition should aver that the complainant is in possession.    For these equitable proceedings are not intended to be a substitute for an action of ejectment, nor to try title or the right of possession, nor to determine to what extent an instrument which, if not a deed, as a lien can subject the property in controversy.    Here the petition averred that the city lot was vacant.    It failed to set out facts showing that the plaintiff had a good title. It relied on the fact that both parties claimed under a common grantor, but at the same time showed that the city by its deed to the plaintiff's grantor expressly reserved the right to proceed against the property for the taxes of any year other than that in

which the sale was made. The present claim of the city is under such subsequent sale. The title then acquired did not, therefore, under the Civil Code, § 3609, inure to the benefit of the former grantee. The court did not err in sustaining the demurrer to the petition. If in an action of ejectment the city disclaims, the plaintiffs will secure all the relief they require. On the other hand, if the city relies on the deed, the action of ejectment is the proper remedy to determine which has a better title. If, as argued, the city claims that the instrument gave it a lien on the land to the extent of the taxes, that question must be decided in the appropriate action, and not in a proceeding to remove as a cloud an instrument which may give to the city substantial rights in the land claimed by the petitioners.

*Judgment affirmed. All the Justices concur.*