## MENTONE HOTEL & REALTY CO. *v.* TAYLOR.

1. The general rule is that in order for a plaintiff to maintain an equitable petition to remove a cloud upon his title, he must allege and prove possession in himself.

(*a*) Where the defendant is in possession, the plaintiff has a remedy at law to test his title by an action of ejectment, which is ordinarily deemed an adequate remedy, in consequence of which there is no ground for the exercise of equitable jurisdiction, which is based upon the ground that the plaintiff in possession can not maintain an action at law to test his title.

(*b*) Ejectment will lie to recover a mine or mineral interests in land to which the plaintiff has title, though another owns the surface, and the plaintiff has never been in possession.

(*c*) The remedy by petition quia timet to remove a cloud upon title is not intended to supplant the usual remedies at law for testing the superiority of two legal titles, in the absence of supervening circumstances calling for equitable relief.

(*d*) There are exceptions to the above general rule, (1) in case of wild lands, and (2) where there is a distinct head of equity jurisdiction sufficient to support the action, as where deeds are obtained by fraud or other illegal means.

(*e*) Where the plaintiff in a petition quia timet to remove a cloud upon his title alleged that he was the owner and in possession of the mineral interests in certain lands, and that he and those under whom he claimed had been in adverse possession of the lands for more than twenty years, but he failed to prove those allegations, he should not have been nonsuited where he further alleged and proved that he and the defendant claimed title under a common grantor, the defendant in his answer admitting that such common grantor formerly owned these lands, and that the defendant's title was derived from a tax sale and sheriff's deed made in pursuance of such tax sale, both of which were void because the levy was grossly excessive and fraudulent.

2. The principle that where both parties claim under a common grantor it is unnecessary to show title back of such common grantor is applicable in the case of a petition in equity to remove a cloud upon the title of a plaintiff.

(*a*) The defendant by claiming under the plaintiff's grantor admits title in such grantor.

(*b*) Proof by the plaintiff that he and the defendant claim title under a common grantor, with the admission of the defendant in his answer that such common grantor formerly owned the lands involved, makes a prima facie case that the plaintiff is the true owner of such lands, and establishes sufficient title in the plaintiff to maintain an equitable petition quia timet to remove a cloud upon his title.

3. The evidence was sufficient to show that the plaintiff had acquired title to the lands involved in this litigation.

4. The evidence fails to disclose that the plaintiff, after the institution of this suit, had sold this land and parted with its title thereto. This renders it unnecessary for us to decide the question raised by counsel for the defendant, whether a plaintiff who sues in equity in his own name and alone to remove a cloud upon his title, can, after he has parted with his whole interest in the subject-matter of the litigation, further prosecute the suit.

5. The sheriff having been made a party defendant by an amendment to the petition, the failure of the plaintiff to make him an original defendant furnished no ground for the grant of a nonsuit.

No. 4878. November 12, 1925.

Equitable petition. Before Judge Irwin. Chattooga superior court. March 9, 1925.

The Mentone Hotel & Realty Company filed its equitable petition against John D. Taylor, for cancellation and for damages. The petition makes these allegations: Petitioner is the owner, and in possession, of the mineral interests in land lots Nos. 204, 205, 266, 240, 262, 230, 229, and 264 in the 13th district and 4th section of Chattooga County, this State. Petitioner and those under whom it holds have been in the peaceable, notorious, open, adverse, and continuous possession of said lands as bona fide purchasers, under recorded deeds of conveyance, for a period of twenty years or more. One of its predecessors in ownership of said lands was the New England Land & Improvement Company, which conveyed said mineral interests to those under whom petitioner holds, as will be shown by reference to an abstract of deeds attached to the petition as a part thereof, which shows a complete chain of title from said company into petitioner. All State, county, and school taxes on said interests have been annually paid by the respective owners for over twenty years. In April, 1916, the tax-collector of said county had one Alexander to make a pretended levy on said lands under a tax execution for taxes alleged to be due the State and county by the New England Land & Improvement Company for 1915. At the date of said pretended levy said lands did not belong to said company, and had not since November 19, 1902,

but were then the property of petitioner, of which fact the tax-collector and the levying officer had actual and constructive notice, and Taylor was charged with constructive notice by reason of the record of petitioner's title. The tax books showed the taxes paid by petitioner. The sheriff proceeded to advertise and sell said lands. Though the same are assessed and returned as interests in wild lands, the sheriff advertised the same only thirty days; and although the whole tax due by the said New England Land & Improvement Company was only $61.55 for the year 1915, the sheriff sold the whole interest, consisting of 1280 acres, of highly valuable interests, and the same was knocked off to Taylor for the sum of $120. The sheriff executed a deed to Taylor, dated June 14, 1916, and recorded July 13, 1916. Taylor is claiming title to said lands under said deed, and has removed from lot No. 249 a large amount of coal, of the value of $500, and has in the manner of removal injured and damaged petitioner in the sum of $500 by getting out said coal in the manner and method known as hogging. By claiming under said conveyance he has beclouded petitioner's title.

The sheriff's deed to Taylor is void, because: (a) There was no notice of said levy given to the defendant company, nor was there any action taken by the levying officer equivalent to either actual or constructive notice of said levy to said defendant company. (b) Said levy was grossly excessive, and the sale of said interests without proper advertisement was contrary to law, and the price brought was totally inadequate. (c) The tax-collector, the sheriff, and Taylor, at the time of the levy and at the date of the sale, had actual and constructive notice that no taxes were due on said land, and that the taxes had been paid by petitioner, and that the title to the same was in petitioner and had long since passed out of the defendant in the tax execution. (d) At the date of said sale the same was not a bona fide one and was not intended as such, as petitioner is informed. (e) At the date of the said sale the possession and the title to said land was in petitioner, with all taxes paid. (f) Whatever title Taylor may have to said land is derived from whatever title the New England Land & Improvement Company may have had, and he holds under their title and petitioner holds under their title; and petitioner, being a bona fide purchaser for value under a recorded deed long before Taylor derived his title, has in any event a superior title. Petitioner prayed

that Taylor be required to produce in court the original deed under which he holds, and that the same be canceled of record and declared null and void and of no effect, and that the title to the interest in these lands be declared to be in petitioner, and that petitioner have judgment against Taylor for the sum of $500 for the value of the coal taken from lot 240, and for the sum of $500 damages done to petitioner's interests on account of the manner of removing said coal.

Attached to the petition was the following abstract of title: (1) Deed from F. W. Copeland, attorney in fact for the New England Land & Improvement Company, to Henry L. Lamb, dated November 19, 1902, and recorded November 24, 1902. (2) Deed from Henry L. Lamb to Lookout Fuel Company, dated April 30, 1903, recorded August 21, 1903. (3) Deed from Lookout Fuel Company to A. A. Chapman, dated April 29, 1915, and recorded May 14, 1915. (4) Deed from A. A. Chapman and wife, Claude G. Chapman, to Mentone Hotel & Realty Company, dated September 18, 1915, and recorded February 10, 1916. By amendment petitioner says that the allegation that all the lots of land sued for are contained in the deed of November 19, 1902, recorded November 24, 1902, from the New England Improvement Company to Henry L. Lamb, is erroneous in this, that lots 240 and 262 are not included in said deed, but the same were conveyed by the New England Improvement Company to Henry L. Lamb by deed dated October 18, 1902, recorded October 22, 1902.

On the trial of the case the plaintiff failed to show that it was in possession of these mineral interests, and likewise failed to show that the plaintiff and those under whom it claimed had been in the adverse possession of these lands for a period of twenty years or more. The evidence for the plaintiff likewise failed to disclose that the defendant had mined any of the minerals claimed by it. Plaintiff introduced evidence tending to establish the other allegations of the petition. Other pertinent facts will appear in the opinion. At the conclusion of the evidence the court granted a nonsuit upon the grounds stated in the opinion; and to this judgment the plaintiff excepted.

*Wesley Shropshire* and *Maddox, Matthews & Owens,* for plaintiff.
*Denny & Wright* and *John D. & E. S. Taylor,* for defendant.

HINES, J. (After stating the foregoing facts.)

1. The petition alleges that the plaintiff is the owner, and in possession of, the mineral interests in the land lots therein described. It further alleges that petitioner and those under whom it holds have been in the peaceable, notorious, adverse, and continuous possession of said land as bona fide purchasers under recorded deeds of conveyance for a period of twenty years or more. The proof offered by the plaintiff failed to establish the allegations of the petition that the plaintiff was in possession of these mineral interests, and that it and those under whom it claimed had been in adverse possession of these lands for a period of twenty years or more. For this variance between the allegata and the probata counsel for the defendant contends that the court properly granted a nonsuit. Is this position sound? The general rule is that in order for a plaintiff to maintain an equitable petition to remove a cloud upon his title, he must allege and prove actual possession in himself. *Thompson* v. *Etowah Iron Co.,* 91 *Ga.* 538 (17 S. E. 663) ; *Weyman* v. *Atlanta,* 122 *Ga.* 539 (50 S. E. 492) ; *McMullen* v. *Cooper,* 125 *Ga.* 435 (54 S. E. 97) ; *Adams* v. *Johnson,* 129 *Ga.* 612 (59 S. E. 269) ; Myers *v.* Mayhew, 32 D. C. App. 205. The reason of this rule is that where the defendant is in possession the plaintiff has a remedy to test his title at law by bringing an action in ejectment, which is ordinarily deemed an adequate remedy, and in consequence there is no ground for the exercise of equitable jurisdiction, which is based upon the fact that where the plaintiff is in possession he can maintain no action at law to test his title. *Thompson* v. *Etowah Iron Co.,* supra; 17 Enc. Pl. & Pr. 307. An action of ejectment will lie to recover a mine or mineral interests in lands, to which the plaintiff has title, though another owns the surface, and although the plaintiff has never been in possession. Barnsdall *v.* Bradford Gas. Co., 225 Pa. 338 (74 Atl. 207, 26 L. R. A. (N. S.) 614) ; Moragne *v.* Doe, 143 Ala. 459 (39 So. 161, 111 Am. St. R. 52, 5 Ann. Cas. 331) ; *Davison* v. *Reynolds,* 150 *Ga.* 182, 184 (103 S. E. 248). Some authorities hold that the plaintiff must have entered into possession of such mining rights before he can maintain ejectment for their recovery. 9 R. C. L. 834, § 8. It is likewise true that the remedy by petition quia timet to remove a cloud upon title was never intended to supplant the usual and proper remedies at law for test-

ing the superiority of two legal titles, where there are no supervening circumstances calling for equitable relief. *Adams* v. *Johnson,* 129 *Ga.* 611 (59 S. E. 269).

But to the general rule that the plaintiff must be in possession, to maintain a bill quia timet, there are exceptions. The general rule does not apply in the case of wild lands. *Weyman* v. *Atlanta,* supra. Another exception is this: Where there is any other distinct head of equity jurisdiction sufficient to support the action, possession by the plaintiff is not required, but equity will retain the cause and grant relief by quieting the title or removing clouds. 17 Enc. Pl. & Pr. 309. It is one of the established grounds of equitable jurisdiction to cancel deeds obtained by fraud or other illegal means. So in *Gilmore* v. *Hunt,* 137 *Ga.* 272 (73 S. E. 364), this court held: "Equity will entertain a petition by a married woman to cancel, in the hands of her grantee, a warranty deed improperly procured by duress and in payment of her husband's debt, which has been duly recorded, although the grantee be in possession of the land, and there be no specific prayer for the recovery of the land." Besides, it is not alleged in the petition that the defendant was in possession of these mineral interests, and the evidence disclosed that he did not have such possession. So, while the plaintiff's evidence failed to establish that it was in possession of these mineral interests, and failed to establish title by prescription, yet if it was otherwise entitled to equitable relief, under the pleadings and evidence, based upon the established ground of equitable jurisdiction to cancel deeds obtained by fraud, it would not be debarred from seeking such relief by the fact that it was not in possession of these mineral rights.

But it is urged that the plaintiff alleged that it was the owner of these mineral interests, and that it had acquired prescriptive title thereto by adverse possession for a period of more than twenty years. Conceding that the plaintiff failed to establish title by prescription to these mineral interests, we think that the plaintiff alleged and proved title thereto. The petition alleged that the plaintiff claimed title to the mineral interests in these lands under the New England Land & Improvement Company. In his answer the defendant admits that that company formerly owned these lands. As both parties claimed title under this company, it was not necessary to show title into that company. If that company

formerly owned these lands, and if the plaintiff acquired title from it, which is superior to the title of the defendant, then the plaintiff is the true owner of these mineral interests, and as such can maintain this proceeding to cancel the defendant's deed, if the same was fraudulent and void for the reasons alleged by the plaintiff. If the plaintiff rested its case solely upon the theory that it was in possession of these mineral interests, and that for this reason had no available remedy at law to enforce its rights thereto, or if the sole title set up by the plaintiff was a prescriptive title, then the lack of proof of such possession or such title would amount to a failure on the part of the plaintiff to prove his case as laid; and for such failure the grant of a nonsuit would have been proper. *Moyer* v. *Ramsay-Brisbane Stone Co.,* 119 *Ga.* 734 (46 S. E. 844). But, as we have seen, the plaintiff proceeded also upon the theory that the tax sale and the sheriff's deed thereunder were fraudulent, for reasons assigned in its petition; and the plaintiff further alleged and proved that it and the defendant claimed title from a common source, which the defendant in his answer admitted, and that it acquired title from such common source, older in date than and superior to the title of the defendant.

2. But counsel for the defendant contends that the principle that where both parties claim under a common grantor it is unnecessary to show title back of such common grantor is applicable only in ejectment suits, and is inapplicable in case of a petition in equity to remove a cloud on the title of the plaintiff. The reason upon which this contention is bottomed is that in a suit of this character the plaintiff is the owner not only as against the defendant but as against the world. It is conceded that the plaintiff must show that he is the true owner; and it may be conceded, for the sake of the argument, that the plaintiff is the true owner against the world. It is true that the above principle is made applicable by express provision of our Code to suits in ejectment. Civil Code (1910), § 5582; but we see no valid reason why it should not apply in a case of this character. The reason on which this principle rests is that a defendant by claiming under plaintiff's grantor admits title in such grantor. *Garbutt Lumber Co.* v. *Wall,* 126 *Ga.* 172 (54 S. E. 944). Furthermore, the defendant expressly admits that the common grantor formerly owned these lands. Starting with this admission, plaintiff showed that he was the true

owner of these lands when he showed that his title from the common source was older and superior to the defendant's title. In *O'Neal* v. *Ward,* 148 *Ga.* 62 (95 S. E. 709), this court held that the principle that the defendant in ejectment could show a paramount outstanding title in a third person without connecting his claim with that title, to defeat the plaintiff, was applicable in an equitable action seeking to enjoin continuing acts of trespass. By parity of reasoning the above rule of evidence is applicable in a case like the present, at least to enable the plaintiff to establish a prima facie case that he is the true owner of the land involved.

3. Plaintiff claimed title under mesne conveyances from the New England Land & Improvement Company to one Lamb. These deeds were executed by one Copeland as attorney in fact for the grantor. The power of attorney under which Copeland acted was made in pursuance of a resolution adopted by the directors of the company, which empowered its officers to appoint Copeland as the attorney in fact of the company, "to sell and convey any or all of the lands owned by this company, conveyed to this company by Byron R. Bacon and wife by deed bearing date March 15, 1892." Counsel for the defendant insists that there is no proof that the lands conveyed by said attorney in fact are the same lands referred to in said resolution, and described in said deed from Bacon and wife to said company; that the plaintiff thus failed to show title in these lands in itself; and that for this reason the nonsuit was properly granted. We can not concur in this view. This power of attorney was not set out in full in the record, but it seems to have been drawn in accordance with the above resolution. From the summary of this instrument it authorized Copeland to sell and convey any or all of the lands therein described, being the lands embraced in the above deed from Bacon and wife to said company, and specifically described the properties referred to, including in such description the mineral rights in the eight lots described in the petition in this case. Copeland testified that he sold the lands thus described and embraced in the power of attorney, and paid over the proceeds to said company. While it would have been better to have introduced the Bacon deed, we think that it was sufficiently shown that the lands conveyed by the attorney in fact were those which the directors of this company, by the above resolution, authorized its officers to empower Copeland to sell; and this view is strengthened by the further fact that the attorney in fact

turned over to said company the proceeds of said land, so sold by him in pursuance of the power of attorney.

4. Counsel for the defendant further insists that "The evidence discloses that after the institution of this suit and before the trial the plaintiff sold this land;" and that, having thus parted with all interest therein, it could no longer prosecute this suit for the purpose of removing a cloud upon its title to this property, and to have the title to this land declared to be in it. This raises the interesting question whether a plaintiff, who sues in equity in his own right and alone, to remove a cloud on his title, can, after he had parted with his whole interest in the subject-matter of the litigation, further prosecute the suit. We do not consider and decide this question, for the reason that we do not find, after a careful examination of the evidence in this case, that the plaintiff, after the institution of this proceeding, had sold these lands.

5. One of the grounds of the motion for nonsuit is that the sheriff was an essential and necessary party to this suit. This was cured by an amendment by which the sheriff was made a party defendant.

6. In view of the rulings above, we think that the court erred in granting a nonsuit.

*Judgment reversed. All the Justices concur.*