HALE *v.* TURNER.

No. 11351. NOVEMBER 27, 1936.

L. M. Wyatt and L. R. Morgan, for plaintiff in error. .
Duke Davis, contra.

ATKINSON, Justice. Mrs. Nettie H. Turner filed her petition against William R. Hale, a non-resident of the State of Georgia, setting forth that she made a deed conveying to William R. Hale all the minerals and mineral rights in certain described land in Troup County, Georgia, together with the right to prospect for minerals on the land, and conveying to him all easements and rights necessary to mine and ship the minerals on or under said land. The deed provided as follows: "This conveyance is made upon the condition that should the grantee, his heirs or assigns, fail to begin the necessary preparations for the initiation and maintenance of mining operations on said property within four months hereafter, then and in that event the easements, rights, and property herein conveyed shall revert to grantor." The deed further provided that the grantee, his heirs or assigns, should pay to the grantor on the first day of each month during the maintenance of mining operations five per cent. of the actual gross receipts, and making the same a charge on the property. Also: "Should grantee or his assigns after the actual initiation of mining operations on said property suffer and permit said mining operations to be discontinued and to cease and to remain thereafter in a state of cessation and abandonment, unless the said discontinuance or abandonment of said mining operations shall be caused by the act of God, public enemy, or by strikes or other causes beyond his control, the said property shall revert to the grantor herein." The petition showed that the defendant had discontinued and ceased all mining operations and allowed the same to remain in a state of cessation and abandonment without excuse, and that the plaintiff received no royalties as provided. She prayed that the deed and contract with the defendant be canceled as constituting a cloud on her title; and for such other relief as she might be entitled to. Service was perfected on the defendant by publication. He filed a demurrer on the ground that no legal or equitable cause of action was alleged, and that the plaintiff could not by equitable procedure obtain jurisdiction of the defendant. The demurrer was overruled, and after the intro-

duction of evidence the court directed a verdict for the plaintiff. A motion for new trial was overruled, and the defendant excepted. In his brief it is said: "The only question for the court to decide in this case is whether or not plaintiff's petition set forth any cause for equitable relief. The petition of the plaintiff alleged and set out that the land involved was vacant, and that the petitioner was not in possession of said land."

The Code of 1933, § 37-1410, declares: "An instrument which, by itself or in connection with proof of possession by a former occupant, or other extrinsic facts, gives the claimant thereunder an apparent right in or to the property, may constitute a cloud on the title of the true owner, and the latter may proceed to have the same removed upon proof—1. That he can not immediately or effectually maintain or protect his rights by any other course of proceeding open to him. 2. That the instrument sought to be canceled is such as would operate to throw a cloud or suspicion upon his title, and might be vexatiously or injuriously used against him. 3. That he either suffers some present injury by reason of the hostile claim of right, or, though such claim be not asserted adversely or aggressively, he has reason to apprehend that the evidence upon which he relies to impeach or invalidate the same as a claim upon his title may be lost or impaired by lapse of time." "The general rule is that in order for a plaintiff to maintain an equitable petition to remove a cloud upon his title, he must allege and prove actual possession in himself. *Thompson* v. *Etowah Iron Co.*, 91 *Ga.* 538 (17 S. E. 663) . . . The reason of this rule is that where the defendant is in possession the plaintiff has a remedy to test his title at law by bringing an action in ejectment, which is ordinarily deemed an adequate remedy, and in consequence there is no ground for the exercise of equitable jurisdiction, which is based upon the fact that where the plaintiff is in possession he can maintain no action at law to test his title. . . 17 Enc. Pl. & Pr. 307. An action of ejectment will lie to recover a mine or mineral interests in lands, to which the plaintiff has title, though another owns the surface, and although the plaintiff has never been in possession." *Mentone Hotel & Realty Co.* v. *Taylor*, 161 *Ga.* 237, 241 (130 S. E. 527). In that case the plaintiff filed a bill to cancel a tax sale, and sheriff's deed thereunder, on the ground the same were fraudulent, and the plaintiff

further proved that it and the defendant claimed title from a common source. The grant of a nonsuit was reversed. "Where there is any other distinct head of equity jurisdiction sufficient to support the action, possession by the plaintiff is not required, but equity will retain the cause and grant relief by quieting the title or removing clouds. . . Where the land is wild and unoccupied, or at least not in the actual possession of the defendant, the plaintiff need not be in possession." 17 Enc. Pl. & Pr. 309, 312.

This court, in *Gilmore* v. *Hunt,* 137 *Ga.* 272, 274 (73 S. E. 364), sustained the right of a married woman to cancel a warranty deed improperly procured by duress, and in payment of her husband's debt, and said: "Under the common-law practice in ejectment, the issue only comprehended a competition between the titles of the adverse parties. The plaintiff could only recover upon legal title or its equivalent, a perfect equity; and ordinarily it was a good reply to the plaintiff's title to exhibit a deed from the plaintiff. In the course of time the practice allowed proof of the invalidity of a deed relied upon as muniment of title; but this practice did not serve to oust equity of its jurisdiction, if the remedy at law was not as adequate as that afforded in equity." The availability of equity as a remedy was discussed in the decision. This court said, in *Simpson* v. *Kelley,* 171 *Ga.* 523 (156 S. E. 198): "'The general rule is that in order for a plaintiff to maintain an equitable petition to remove a cloud upon his title, he must allege and prove possession in himself. . . There are exceptions to the above general rule, (1) in case of wild lands, and (2) where there is a distinct head of equity jurisdiction sufficient to support the action, as where deeds are obtained by fraud or other illegal means.'" The exception as to wild lands must be upon the ground that they are vacant; and if an action in ejectment were brought, there would be no one upon whom service could be effected. In *Adams* v. *Johnson,* 129 *Ga.* 611, 612 (59 S. E. 269), this court said: "The rule which denies a plaintiff who is out of possession, and who alleges no necessity for equitable intervention to protect his purely legal title, the equitable remedy of cancellation of an alleged conflicting title to the land in the possession of another is based on the fact that the legal remedy is inadequate. That the plaintiff in the present case has an adequate legal remedy is apparent." In *Fulgham* v. *Pate,* 77 *Ga.*

454 (2), this court held: "A sale made by a married woman to her husband, without being allowed by the order of the superior court of the wife's domicile, is void. Such a deed could have no effect except to be a cloud upon the title to the property, and a court of equity may cause it to be delivered up and canceled. A bill for that purpose was not without equity." Almost identical in principle with the instant case is *Denham* v. *Walker,* 93 *Ga.* 497 (21 S. E. 102). Denham conveyed to Walker an estate in fee simple upon a condition subsequent, which condition was expressed in the deed as follows: "Provided nevertheless, and this conveyance is made on the express condition, that the said party of the second part shall pay to the party of the first part, for and during the time of the natural life of the said party of the first part, an annuity of three hundred and fifty dollars." Denham filed a petition for cancellation of the deed, on the ground that the annuities had not been paid. No question was made in this court as to the propriety of the remedy, and the issues were decided on other grounds, but the jurisdiction of equity was not disputed. In *Moss* v. *Chappell,* 126 *Ga.* 196 (8), 208 (54 S. E. 968), is a very learned discussion of conditions subsequent, a decision rendered by Mr. Justice Cobb. He said: "The grantor in a deed containing such a condition [condition subsequent] upon its breach may enter peaceably if he can do so, or he may maintain his action for the recovery of the premises in the event the grantee refuse to surrender possession. Such an action is the equivalent of an entry. 1 Tiffany on Real Property, § 74. Until there has been an entry the grantee or those holding under him are entitled to the possession and are to be treated as the owners."

In the instant case, Hale has undoubtedly lost any interest he may have had in the minerals in the land conveyed. He violated the agreement upon which he was to have such interest, and he refused to pay royalties promised. "For every right there shall be a remedy, and every court having jurisdiction of the one may, if necessary, frame the other." Code, § 3-105. What remedy has Mrs. Turner? She can not bring ejectment, because the defendant is a non-resident, and there would be nobody to serve. If she goes on the property, she would not wish to become a miner and develop the minerals; and if she did, there would be outstanding the deed made to Hale, and she could not sell the property, and

might have difficulty in selling the minerals if she desired to become a miner. So far as the technical question of possession in her is concerned, the filing of this bill amounted to an assertion of her rights as against the condition subsequent in the deed made by her. *Moss* v. *Chappell,* supra. The situation is in principle exactly like that which arises when a bill is filed to cancel a cloud on the title to wild lands, and generally it is recognized (*Simpson* v. *Kelley,* supra) that possession is not required in such a case. The situation is clearly set forth in *Weyman* v. *Atlanta,* 122 *Ga.* 539, 541 (50 S. E. 492), Mr. Justice Lamar speaking for the court: "There is some logical inconsistency in the rules relating to the removal of clouds on titles. If the defendant's claim is valid, it can not be cancelled. If it is absolutely invalid, some decisions hold that the courts will not deal with the question. The complainant, therefore, can secure relief only by setting up a state of facts between these two extremes. Yet one may have an absolutely perfect title to land, but an outstanding claim, be it never so groundless, may prevent the owner from selling his property. The intending purchaser may even be convinced that the claim does not come within the technical definition of a cloud, and be willing to buy the land and assume the risk. He knows, however, that the next purchaser may take a different view, and refuse to buy because, though the title is good, there is a possibility of a lawsuit. As a practical question, it is not so much the validity as the existence of an outstanding claim that vexes the owner by preventing a sale. The marketable character of a title may be as effectually defeated by an instrument certainly void as by one which is not so apparently invalid. Considering the object sought to be accomplished, it would seem that a bill should be maintainable to remove anything, no matter how void or how invalid, if as a fact it interferes with the rights of a true owner." Following this decision, the Georgia legislature in 1905, the decision having been rendered that year, passed an act allowing a cloud on title to be removed even though it apparently was invalid. Code, § 37-1408. The decision by Mr. Justice Lamar, said: "Except in cases relating to wild land, the petition should aver that the complainant is in possession. . . The petition . . failed to set out facts showing that the plaintiff had a good title." In the instant case there is no question as to the title of Mrs. Turner, be-

cause Hale claims under a deed made by her. In equity the defendant could be served by publication. At common law, in ejectment, the defendant could not be served at all. In the meantime Mrs. Turner can not dispose of her property. Applying the foregoing principles, the judge did not err in overruling the demurrer to the petition, and in refusing a new trial after verdict for the plaintiff. *Judgment affirmed. All the Justices concur.*