## OGLESBY *v.* OGLESBY.

DUCKWORTH, Justice.  1. "The general rule is that in order for a plaintiff to maintain an equitable petition to remove a cloud upon his title, he must allege and prove actual possession in himself." *Mentone Hotel &c. Co.* v. *Taylor,* 161 *Ga.* 237, 241 (130 S. E. 527).  To the same effect

see *Thompson* v. *Etowah Iron Co.*, 91 *Ga.* 538 (17 S. E. 663); *Weyman* v. *Atlanta*, 122 *Ga.* 539 (50 S. E. 492); *McMullen* v. *Cooper*, 125 *Ga.* 435 (54 S. E. 97); *Adams* v. *Johnson*, 129 *Ga.* 612 (59 S. E. 269); *Miller* v. *Jennings*, 168 *Ga.* 101 (6) (147 S. E. 32); *Thomas* v. *Couch*, 171 *Ga.* 602 (156 S. E. 206); *Greenwood* v. *Starr*, 174 *Ga.* 503 (163 S. E. 500). But, to the general rule that the petitioner must be in actual possession to maintain an action to quiet title or to remove a cloud thereupon, there are exceptions: (1) The general rule does not apply in the case of wild lands. *Weyman* v. *Atlanta*, supra. (2) Where there is another distinct head of equity jurisdiction sufficient to support the action, such as fraud or a prayer for a decree of title in the petitioner. In such cases equity will retain the cause and grant relief by removing the cloud. *Mentone Hotel &c. Co.* v. *Taylor*, supra.

2. A general allegation that a judgment was procured by fraud is no stronger than the recital of facts from which the general conclusion is drawn. Allegations that the plaintiff in the judgment under attack failed to make the grantor in the deed therein canceled a party, dismissed a remote grantee of such grantor as a party, and proceeded to judgment against the remaining defendant who was a non-resident temporarily residing in the county where the suit was brought, did not allege fraud or support the conclusion of the pleader that the judgment was procured by fraud.

3. On application of the foregoing rules of law to the instant petition which sought cancellation of a judgment, to which action the petitioner was not a party, as a cloud upon described lands alleged to belong to the petitioner, which the petition shows are in the actual possession of the defendant, it did not allege a case authorizing cancellation, which was the only relief prayed for, and the court did not err in sustaining the defendant's general demurrer and in dismissing the action.

*Judgment affirmed. All the Justices concur.*

No. 15054. JANUARY 6, 1945. REHEARING DENIED FEBRUARY 9, 1945.

*Z. B. Rogers,* and *John B. Gamble,* for plaintiff.
*J. T. Sisk,* for defendant.