28193. BEAZLEY et al. v. WILLIAMS et al.

NICHOLS, Justice. Billy B. Beazley and others filed a complaint against Roy W. Williams and H. G. Carmichael in which the plaintiffs sought an injunction and damages. The complaint shows that the defendant Williams had owned a tract of property in Richmond County, Georgia which he had subdivided with the understanding that the area would be residential, that he had breached such agreement and developed certain lots therein as commercial, that the defendant Carmichael was operating a store for the sale of alcoholic beverages on one of the lots in such subdivision, and that it was the plaintiff's understanding that overtures had been made to the zoning officials to have an adjoining lot rezoned for the sale of alcoholic beverages. An injunction as to the operation of the store for the sale of alcoholic beverages was sought as well as damages for a breach of contract relating to the development of the subdivision for other than residential purposes.

On the hearing for the interlocutory injunction, a motion to dismiss as to the defendant Williams was sustained and the interlocutory injunction as to the defendant Carmichael denied. The appeal is from this judgment. No transcript of the hearing on the interlocutory injunction is included in the record, but the affidavits submitted upon such hearing are included. *Held:*

1. Treating the motion to dismiss as to the defendant Williams as a motion for summary judgment (Ga. L. 1966, pp. 609, 622, as amended; Code Ann. § 81A-112 (b)), the affidavits relating to the development of the property by the defendant Williams showed without dispute that for about 20 years the plaintiffs have had notice of the development of the subdivided property as both residential and commercial and that the plaintiff Billy B.

Beazley actually prepared the plats for such development.

Since the appellants expressly excluded the transcript of the hearing from the record to be furnished on appeal, the grounds of the motion to dismiss the complaint as to the defendant Williams are not shown by the record, but if such judgment is authorized for any reason, it must be affirmed. *Goodwin v. First Baptist Church,* 225 Ga. 448, 449 (169 SE2d 334).

While generally defenses such as the statute of limitation or laches must be affirmatively raised by written answer (Ga. L. 1966, p. 609, as amended; Code Ann. § 81A-108 (c)), yet where the facts as to such an issue are uncontradicted, it may be disposed of by summary judgment, motion to dismiss or motion for judgment on the pleadings. Compare *Ezzard v. Morgan,* 118 Ga. App. 50, 51 (162 SE2d 793) cited approvingly in *Miller v. Columbus,* 229 Ga. 234 (190 SE2d 535).

The affidavits filed in this case make it affirmatively appear that the subdivided property was developed as both residential and commercial for almost 20 years prior to the filing of this complaint and that any complaint, whether in equity or for breach of contract, is barred. Accordingly, the trial court did not err is dismissing the complaint as to the defendant Williams.

2. The affidavits submitted with reference to the operation of the store for the sale of alcoholic beverages by the defendant Carmichael as a nuisance were conflicting. Accordingly, the denial of the interlocutory injunction as to the defendant Carmichael is not reversible error.

*Judgment affirmed. All the Justices concur.*

SUBMITTED AUGUST 10, 1973 — DECIDED SEPTEMBER 20, 1973.

*Bobby G. Beazley,* for appellant.

*Burnside, Dye & Miller, A. Rowland Dye,* for appellees.