## 28542. GARRETT v. GARRETT.

UNDERCOFLER, Justice. Raymond Elbert Garrett filed a complaint against Carol King Garrett, his former wife, seeking a change in certain specified visitation rights with his child. The complaint alleges that the divorce decree allowed him visitation rights on Saturday or Sunday of each week, that he has changed employment and is not now off work every Saturday and Sunday, and that he therefore is unable to exercise the visitation rights set forth in the decree.

The wife moved to dismiss the complaint on the ground that it did not set forth a claim for relief. The judge dismissed the complaint and the appeal is from that judgment. *Held:*

"The Civil Practice Act of 1966 (Ga. L. 1966, p. 609; Code Ann. § 81A-108 (a)) has eliminated issue pleading and substituted notice pleading. See *Reynolds v. Reynolds,* 217 Ga. 234, 246 (3) (123 SE2d 115) '. . . A motion to dismiss for failure to state a claim should not be granted unless it appears to a certainty that the plaintiff would be entitled to no relief under any state of facts which could be proved in support of his claim. If, within the framework of the complaint, evidence may be introduced which will sustain a grant of relief to the plaintiff, the complaint is sufficient.' 2A Moore's Federal Practice, § 8.13, p. 1706." *Bourn v. Herring,* 225 Ga. 67 (3) (166 SE2d 89); *Stevens v. Stevens,* 227 Ga. 410 (1) (181 SE2d 34).

The claim affirmatively showed that the basis of appellant's complaint was that his working days had changed and that therefore he was unable to exercise the visitation rights granted by the divorce decree. This is not such a change in circumstances affecting the interest and welfare of the child as will authorize a modification of the original judgment under any state of facts within the framework of this petition. Therefore, the trial court did not err in dismissing the complaint. *Smith v. Smith,* 225 Ga. 241, 244 (167 SE2d 597).

*Judgment affirmed. All the Justices concur, except Gunter, Jordan and Ingram, JJ., who dissent.*

SUBMITTED JANUARY 16, 1974 — DECIDED FEBRUARY 18, 1974.

*Neil L. Heimanson,* for appellant.
*J. V. Malcolm, Jr.,* for appellee.