## 28897. FINCH v. CITY OF ATLANTA.

UNDERCOFLER, Justice.

George Finch, Jr., brought this equitable action to enjoin the City of Atlanta from prosecuting him for violating its zoning ordinance in maintaining a multi-family dwelling in a single family area. He contended the city's attempt to enforce the ordinance is illegal because it is doing so selectively and discriminatorily. He shows that there are numerous violations of this provision of the ordinance in this area and these violations have existed for many years but that he is the only person against whom enforcement has been attempted. He was cited and convicted of such violation in the Atlanta Municipal Court on May 3, 1972. This case is on appeal. He was again cited for three separate such violations on November 29, 1972. These cases have not been tried. The present petition was filed on November 26, 1973. There are no allegations or evidence that petitioner has been deprived of any use of his property or has been prevented from enjoying his rights therein. Upon an interlocutory hearing the trial court dismissed the petition. *Held:*

1. The evidence here consists of plaintiff's affidavits. The record, including the notice of appeal, shows that this was the only evidence heard. The defendant did not dispute this in the trial court nor did it direct the clerk of the trial court to transmit to this court any additional transcript of evidence. Furthermore, the defendant has not suggested to this court that there is any additional evidence in the trial court which we can order transmitted. Under these circumstances we will review the record and evidence as presented to us.

2. Equity will not enjoin prosecutions under municipal ordinances where it appears that the plaintiff's business has continued uninterrupted and no irreparable injury will result pending the outcome of the prosecutions. *Arnold v. Mathews,* 226 Ga. 809 (177 SE2d 691); see also *Shirley v. City of Commerce,* 220 Ga. 896 (142 SE2d 784); *Mayor &c. of Shellman v. Saxon,* 134 Ga. 29, 33 (67 SE 438, 27 LRA (NS) 452).

However, the evidence does not show affirmatively whether the plaintiff's business has or has not been

interrupted by the prosecutions or that irreparable injury will result therefrom. Accordingly, an interlocutory injunction was not demanded but neither was the grant of defendant's motion to dismiss (treated as a motion for summary judgment by the consideration of evidence) authorized. A motion for summary judgment should not be granted unless it affirmatively appears from the pleadings and evidence that the party so moving is entitled to prevail. A motion to dismiss should not be granted unless it appears to a certainty that the plaintiff would be entitled to no relief under any state of facts which could be proved in support of his claim. *Garrett v. Garrett,* 231 Ga. 754 (204 SE2d 140). The plaintiff here is entitled to have his complaint heard at a final hearing.

*Judgment reversed. All the Justices concur.*

ARGUED MAY 15, 1974 — DECIDED JUNE 18, 1974.

*George G. Finch,* for appellant.

*James H. Weeks, Henry L. Bowden, Ralph H. Witt,* for appellee.