## 29415. MURREY v. SPECIALTY UNDERWRITERS, INC. et al.

INGRAM, Justice.

The plaintiff in the trial court appeals from a judgment of the Superior Court of Fulton County granting the defendants' motions to dismiss the amended complaint. We affirm the trial court.

Plaintiff sought specific performance of a "Stock Repurchase Agreement and Unanimous Written Consent of Stockholders" by defendant Mr. Agency, Inc., defendant Specialty Underwriters, Inc., and defendant Wesley R. Palmer. In addition, plaintiff sought to enjoin the remaining defendant, Dealer Service Plan, Inc., an affiliated company of the other corporate defendants, from collecting a promissory note executed by plaintiff "pending the award of final relief in this case."

The amended complaint alleged that plaintiff was a minority stockholder of defendant Mr. Agency, Inc., that "a shareholder agreement . . . had been submitted to the plaintiff," which, among other things, called for the purchase of plaintiff's stock interest in Mr. Agency, Inc., in the event of plaintiff's involuntary termination of employment, at the option of plaintiff.

It was further alleged that plaintiff had been employed by Mr. Agency, Inc.; that his employment had been involuntarily terminated; that "informal negotiations pertaining to the resolution of the financial dealings between the parties" took place; and, that after "all negotiations had broken down," plaintiff, "after due consideration, formally executed the shareholder agreement" which had been submitted to him previously and that plaintiff forwarded a copy of it to the other parties. Plaintiff also alleged that he gave written notice to the defendants of his election to sell his stock in Mr. Agency, Inc., as required by the agreement but that defendants have refused to honor the agreement.

In addition, plaintiff alleged he was obligated on a promissory note to defendant Dealer Service Plan, Inc., and that although plaintiff had been assured that payment of the note would be offset against monies owed plaintiff as a shareholder of Mr. Agency, Inc., enforcement of the note was being pursued against plaintiff and should be enjoined.

The alleged agreement, which plaintiff seeks to enforce, is attached as an exhibit to plaintiff's amended complaint and it shows only plaintiff's signature thereon. The trial court granted the motions filed by all four defendants and dismissed the amended complaint for failure to state a claim upon which relief can be granted.

The provisions of the alleged agreement pertinent to this appeal are as follows: Par. 1 — "Neither stockholder [plaintiff] nor Palmer shall sell, transfer, encumber or otherwise dispose of any of his shares of capital stock of the corporation [defendant Mr. Agency, Inc.] which he may now or hereafter own. . . unless the stockholder or Palmer, respectively, shall have first made the offers to sell hereinafter described and such offers have been declined. . ."

Par. 2 — "In the case of stockholder [plaintiff], the offer to sell shall first be given to the corporation [defendant Mr. Agency] . . ."

Par. 3 (A) — "Within thirty (30) days after receipt of such offer, the corporation may (but, except as provided below, is not required to), by notice given to the stockholder . . . elect to purchase all, but not less than all, of the stock so offered . . ."

Par. 3 (B) — "In the events of involuntary termination . . . of stockholder . . . the corporation shall, at the option of stockholder . . . be required to and shall purchase all of the stock so offered . . ."

Par. 4 — "If the offer to sell described in Paragraph 2 is not accepted by the corporation . . . the stockholder . . . shall make such offer (in the same manner) to all of the other stockholders. [Defendants Palmer and Specialty Underwriters, Inc.] . . . If neither the corporation nor any of the other stockholders accepts the offer, the stockholder . . . may make a bona fide sale, transfer, encumbrance, or other disposition to a prospective purchaser, transferee lienor or recipient of any other disposition named in the statement attached to the offer . . . or may retain his shares after termination of his relationship with the corporation . . ."

Paragraph 8 of the alleged agreement provides the formula for computing the price of the stock; paragraph 13 provides that the agreement may be altered, amended or terminated in a writing signed by every party to the agreement; and paragraph 15 provides that the agreement shall be specifically enforceable.

"A motion to dismiss should not be granted unless it appears to a certainty that the plaintiff would be entitled to no relief under any state of facts which could be proved in support of his claim." *Finch v. City of Atlanta,* 232 Ga. 415, 416 (207 SE2d 46) (1974). The order of the trial court does not recite the grounds upon which the motions to dismiss were sustained; however, if the judgment is authorized for any reason, it must be affirmed. *Beazley v. Williams,* 231 Ga. 137, 138 (200 SE2d 751) (1973).

Under Code Ann. § 81A-110 (c), "[a] copy of any written instrument which is an exhibit to a pleading is a part thereof for all purposes." Thus, it is proper for this

court to consider the alleged agreement in reviewing the judgment of the trial court. Under the terms of the alleged agreement, defendants Palmer and Specialty Underwriters, Inc., are not required to accept plaintiff's offer to sell his stock. See Paragraphs 1, 2 and 4 of the alleged agreement. These provisions merely obligate plaintiff to offer his stock to Palmer and Specialty (after first offering it to the corporation) before he may sell or otherwise dispose of his stock to a third party. Consequently, plaintiff's amended complaint states no claim for relief against Palmer and Specialty Underwriters under the alleged agreement even if these defendants were bound by the agreement as contended by plaintiff.

However, if defendant Mr. Agency, Inc., is bound by the alleged agreement, then the contract could be specifically enforced against that defendant. Paragraph 3 (B) of the agreement provides that in the event plaintiff is involuntarily terminated from his employment with Mr. Agency, Inc., then, at plaintiff's option, Mr. Agency, Inc., is required to purchase plaintiff's stock. Ordinarily, plaintiff's complaint would be sufficient to state a claim for specific performance of the alleged agreement against Mr. Agency, Inc., based upon an involuntary termination of plaintiff's employment. However, the copy of the alleged agreement attached to plaintiff's amended complaint conclusively shows that only plaintiff has signed the alleged agreement. The decisive question, therefore, is whether Mr. Agency, Inc., is obligated under a contract for the purchase of corporate stock which was not executed on behalf of Mr. Agency, Inc. The answer to this question depends upon a consideration of the Statute of Frauds applicable to the sale of securities.

Code Ann. § 81A-108 (c) lists the Statute of Frauds as an affirmative defense and often such defenses cannot be asserted by a motion to dismiss because the facts necessary to establish a particular affirmative defense must be sustained by evidence submitted under a written answer or plea. However, it has been held that some affirmative defenses may properly be raised by a motion to dismiss if the facts are admitted or are not controverted or are completely disclosed on the face of the pleadings

and nothing further can be developed by a trial of the issue. See *Beazley v. Williams,* supra (laches or statute of limitation); *Miller v. Columbus, Georgia,* 229 Ga. 234, 235 (190 SE2d 535) (1972) (res judicata); *Ezzard v. Morgan,* 118 Ga. App. 50, 51 (162 SE2d 793) (1968) (res judicata). See, 2A Moore's Federal Practice, § 8.28, pp. 1863, 1864; Wright & Miller Federal Practice and Procedure: Civil, § 1277, pp. 328, 332. The rationale of this rule is applicable to the affirmative defense of the Statute of Frauds raised in this case by defendants' motions to dismiss.

The Statute of Frauds applicable to contracts for the sale of securities is Code Ann. § 109A-8—319. *Godwin v. Westberry,* 231 Ga. 492, 493 (202 SE2d 402). That law provides that "a contract for the sale of securities is not enforceable by way of action or defense unless:

"(a) there is some writing signed by the party against whom enforcement is sought or by his authorized agent or broker sufficient to indicate that a contract has been made for sale of a stated quantity of described securities at a defined or stated price; or,

"(b) delivery of the security has been accepted or payment has been made but the contract is enforceable under this provision only to the extent of such delivery or payment; or,

"(c) Within a reasonable time a writing in confirmation of the sale or purchase and sufficient against the sender under Paragraph (a) has been received by the party against whom enforcement is sought and he has failed to send written objection to its contents within 10 days after its receipt; or,

"(d) the party against whom enforcement is sought admits in his pleading, testimony or otherwise in court that a contract was made for sale of a stated quantity of described securities at a defined or stated price."

A reading of the amended complaint, including the alleged agreement attached thereto as an exhibit, discloses that none of the conditions required in § 109A-8—319 have been met. Therefore, the "Stock Repurchase Agreement and Unanimous Consent of Stockholders" is not enforceable against the defendants and plaintiff's case for specific performance was correctly dismissed by the trial court.

The only other relief sought by plaintiff was against defendant Dealer Service Plan, Inc., for an injunction to prevent Dealer Service Plan, Inc., from prosecuting the collection of a promissory note from plaintiff "pending the award of final relief in this case." We believe the trial court also correctly decided this issue by granting the motion to dismiss filed by defendant Dealer Service Plan, Inc. When the trial court entered judgment dismissing the amended complaint as to the other defendants on the specific performance claim, it was no longer possible to grant plaintiff the only relief he sought against Dealer Service Plan, Inc., i.e., an injunction pending the award of final relief in this case. In addition, the trial court did not have jurisdiction to grant this equitable relief, since plaintiff has an adequate remedy at law to assert any defense he has to the collection of the note against him in whatever action may be brought on the note by the defendant Dealer Service Plan, Inc. See Code § 55-101.

Since we have determined that the trial court correctly granted the defendants' motions to dismiss, its judgment must be affirmed.

*Judgment affirmed. All the Justices concur.*

ARGUED JANUARY 16, 1975 — DECIDED FEBRUARY 25, 1975.

*Galkin, Katz & Tye, Donald A. Weissman,* for appellant.

*Lipshutz, Macey, Zusmann & Sikes, Martin M. Pollock, Richard P. Kessler, Jr.,* for appellees.