## 29743. WADE v. RAY et al.

HILL, Justice.

Plaintiff Wade filed suit for injunction and declaratory judgment against the Tax Collector, Tax Receiver and Tax Assessors of Banks County. Defendants moved to dismiss on the ground that plaintiff had an adequate remedy at law in that plaintiff had failed to exhaust his administrative remedies under Code Ann. § 92-6912. The trial court granted the motion and plaintiff appeals, enumerating the dismissal as error.

The critical allegations of the complaint were as follows: "(6) Petitioner shows that the Banks County Board of Tax Assessors employed a professional appraisal firm for the purpose of appraising real and personal tangible property with such appraisals to be used in compiling the tax digest for Banks County, Georgia. Petitioner further shows that assessing real property and personal property said appraisers made an appraisal of all real property in Banks County, Georgia, based on fair market value, but that in determining the alleged fair market value of tangible personal property said appraisers and assessors accepted the value placed on those items by the returns of the individual taxpayers. This method of determining the fair market value of real property and of tangible personal property was unconstitutional and in violation of Georgia Code Ann. Sec. 2-5403 in that it discriminated between property owners of the same class. Those being owners of real property and tangible personal property. (7) Petitioner further shows that the notices of assessment which were sent to your petitioner and those other Banks County taxpayers similarly situated were null and void by reason of the fact that said notices did not contain a brief description of the assessed property broken down into real and personal property classifications as required by Ga. Code Ann. Sec. 92-6911."

1. Defendants contend that plaintiff's failure to appeal to the county board of equalization under Code Ann. § 92-6912 constitutes a failure to exhaust his administrative remedy and that such administrative remedy provided him with an adequate remedy at law,

thereby precluding this equitable action.

Plaintiff contends that his complaint, to wit: the difference in method of determining fair market value as between real and tangible personal property (independent appraisal of real property based on fair market value, versus taxpayer appraisal of fair market value of tangible personal property), was not appealable under Code Ann. § 92-6912 (5) (A). But see Code Ann. § 92-6912 (4) (B).

We hold, however, that the utilization of one method of determining the fair market value of real property and another method of determining the fair market value of tangible personal property does not violate the constitutional requirement that "All taxation shall be uniform upon the same class of subjects within the territorial limits of the authority levying the tax." Code Ann. § 2-5403. *Register v. Langdale,* 226 Ga. 82 (4) (172 SE2d 620), presented different questions and is therefore inapplicable here.

Plaintiff's complaint failed to state a claim upon which injunctive or declaratory relief could be granted insofar as it related to the difference in methods of determining the fair market value of real and tangible personal property.

2. Plaintiff's other ground of complaint was that the Banks County notices of assessment did not contain the description of the assessed property broken down into real and personal property as required by Code Ann. § 92-6911 (b).

Because plaintiff has not urged the question of the statutory validity of the notice of assessment before this court, this question is deemed abandoned under Rule 18 (c) (2).

Imposition of Rule 18 (c) (2) is not inconsistent with the spirit of the 1965 Appellate Practice Act, Code Ann. § 6-809. Counsel may have decided that the unargued question lacked merit, or that decision of it was not wanted. The court is reluctant to voluntarily decide questions which have not been urged or briefed. Of course, these reasons may be inapplicable in cases where appellant is not represented by counsel.

*Judgment affirmed. All the Justices concur.*

SUBMITTED MARCH 10, 1975 — DECIDED APRIL 22, 1975.

*L. Eddie Benton, Jr.,* for appellants.
*Griggs & Butterworth, Joseph A. Griggs, James N. Butterworth,* for appellees.