## 40595. VAUGHAN v. VAUGHAN.
### (317 SE2d 201)

BELL, Justice.

On December 28, 1979 the parties entered into a written settlement agreement whereby Robert Vaughan, appellant, contracted to convey to Rebecca Vaughan, appellee, "the matrimonial domicile located at 83 Kathryn Drive." Appellant filed suit for divorce on January 3, 1980, and a final judgment and decree was entered January 29, 1980 which incorporated the written agreement. In addition, appellant alleges that he and appellee entered into a separate oral agreement, which was not expressly incorporated into the judgment, whereby he promised to deed to appellee as part of the divorce settlement a separate parcel of land contiguous to the matrimonial domicile. On the same day the judgment was entered appellant executed a deed conveying the adjacent lot, denominated in the deed as "parcel one," and the matrimonial domicile, referred to as "parcel two." The deed contained the following language: "This deed is given to release and relieve this property from any right, title and/or interest that the first party may have in and to this property in accordance with [the] divorce decree dated January 29, 1980. . . ."

Appellant later moved to set aside the judgment for the reason that thirty days had not elapsed between the filing of his petition for divorce and entry of the judgment. On February 26, 1980 the court granted his motion and entered a new judgment of divorce which, like the January 29 judgment, incorporated the December 28, 1979 written agreement of the parties without reference to the alleged oral agreement or the deed of conveyance. In 1981 appellee moved to set aside the second judgment on the ground that she had not been notified of the proceeding to set aside the initial judgment. The court granted her motion, and subsequently granted a second motion by appellee to once again set aside the January 29, 1980 judgment. In April of 1982 the court entered a judgment which, unlike the previous judgments, did not incorporate the December 28, 1979 written agreement. Under this judgment appellee was awarded property including the "house and lot located at 83 Kathryn Drive." The parties agree that the term "house and lot" encompasses parcel two only.

In September of 1982 appellant filed an equitable action to quiet title to the parcels. OCGA Ch. 23-3, Article 3, Part 1 ("Conventional Quia Timet"). In his complaint appellant alleged that he had conveyed parcels one and two pursuant to the judgment entered January

29, 1980, and that because that judgment had been declared void, his conveyance of those parcels had also been voided. He claimed that despite the voiding of the deed appellee had refused to reconvey the parcels to him, thereby creating a cloud on his title, and he prayed for the court to remove the cloud by compelling appellee to quitclaim the parcels to him. Appellant averred that once appellee returned the parcels to him he would reconvey parcel two in compliance with the terms of the 1982 divorce judgment.

Appellee thereafter answered the complaint to quiet title and moved to dismiss, alleging that it failed to state a claim upon which relief could be granted. OCGA § 9-11-12 (b) (6). After a hearing the court entered an order based on "the pleadings, arguments, and brief," [1] granting appellee's motion to dismiss without stating the ground or grounds therefor. The husband appeals from the dismissal of his action, and we affirm.

The standard of appellate review of such dismissals was described by this court in *Murrey v. Specialty Underwriters, Inc.*, 233 Ga. 804 (213 SE2d 668) (1975): " 'A motion to dismiss should not be granted unless it appears to a certainty that the plaintiff would be entitled to no relief under any state of facts which could be proved in support of his claim.' *Finch v. City of Atlanta*, 232 Ga. 415, 416 (207 SE2d 46) (1974). Here, the order of the trial court does not recite the grounds upon which the motions to dismiss were sustained; however, if the judgment is authorized for any reason, it must be affirmed. *Beazley v. Williams*, 231 Ga. 137, 138 (200 SE2d 751) (1973)." *Murrey*, supra, 233 Ga. at 806.

Among appellee's enumerations to the trial court was her assertion that appellant's complaint shows on its face that he was not in possession of the parcels. We find this contention has merit. "The general rule is that in order for a plaintiff to maintain an equitable petition to remove a cloud upon his title, he must allege and prove actual possession in himself. [Cits.] The reason of this rule is that where the defendant is in possession the plaintiff has a remedy to test his title at law by bringing an action in ejectment, which is ordinarily deemed an adequate remedy, and in consequence there is no ground for the exercise of equitable jurisdiction, which is based upon the fact that where the plaintiff is in possession he can maintain no action at law to test his title." *Mentone Hotel &c. Co. v. Taylor*, 161 Ga. 237 (1) (130 SE 527) (1925).

"But to the general rule that the plaintiff must be in possession, to maintain a bill quia timet, there are exceptions. The general rule

---

[1] Despite the trial court's reference to "the pleadings," the parties have treated its ruling as a dismissal based solely upon the complaint, OCGA § 9-11-12 (b) (6), and not a judgment on the pleadings, id., (c). We have therefore treated it likewise.

does not apply in the case of wild lands. [Cit.] Another exception is this: Where there is any other distinct head of equity jurisdiction sufficient to support the action, possession by the plaintiff is not required, but equity will retain the cause and grant relief by quieting the title or removing clouds. [Cit.]" *Mentone Hotel*, supra, 161 Ga. at 242. "Wild" land is to be distinguished from merely "vacant" land. Ejectment will lie for the purpose of settling the title of a party to vacant lands, *Nottingham v. Elliott*, 209 Ga. 481 (4) (74 SE2d 93) (1953), and an equitable complaint to quiet title thus may not be maintained to remove a cloud on title which is merely vacant, *Weyman v. City of Atlanta*, 122 Ga. 539 (50 SE 492) (1905).

On appeal the former husband stipulates that he is not in possession of either tract, but he asserts that his action falls within the "wild lands" exception.[2] As to parcel two this assertion is clearly without merit because his complaint to quiet title states that appellant "resides, and may be served at, 83 Kathryn Drive. . . ." Consideration of parcel one is only slightly more problematical. Inspection of the January 29, 1980 deed, a copy of which was attached to the complaint, reveals that both parcels are part of the same residential subdivision; that parcel one is contiguous to parcel two, which is the site of a residence; and that parcel one is adjacent to a public road. Thus, there can be no dispute that parcel one is not "wild," and at best is improved but vacant. See *Smith v. E. B. Burney Constr. Co.*, 231 Ga. 772 (5) (204 SE2d 93) (1974).

We note appellant's argument that in the case of *Hale v. Turner*, 183 Ga. 593 (189 SE 10) (1936), this court broadened the exception to include vacant as well as wild land. In that case this court opined in dicta that "[t]he exception as to wild lands must be upon the ground that they are vacant; and if an action in ejectment were brought, there would be no one upon whom service could be effected." Id. at 596. It is clear that in *Hale v. Turner* this court was not using the term "vacant" in the sense intended by this court in such cases as *Brewster v. Wooldridge*, 100 Ga. 305 (28 SE 43) (1897), and *Weyman v. City of Atlanta*, supra, 122 Ga. 539. To the extent that *Hale v. Turner* suggests a contrary rule, it will not be followed.

We conclude that appellant cannot introduce any evidence within the framework of the complaint to show that either parcel is wild land, and that the motion to dismiss for failure to state a claim was therefore correctly granted by the trial court.

*Judgment affirmed. All the Justices concur, except Hill, C. J., and Weltner, J., who dissent.*

---

[2] Appellant does not contend that this suit qualifies under the other distinct head of equity jurisdiction exception, and thus we will not consider that issue. *Wade v. Ray*, 234 Ga. 234 (2) (214 SE2d 923) (1975).

DECIDED JUNE 19, 1984.

*Ravan & Hylton, Howell C. Ravan,* for appellant.
*Adele Platt Grubbs,* for appellee.

HILL, Chief Justice, dissenting.

The rules applicable to practice and procedure in ejectment and extraordinary equitable remedies such as quia timet, at first preserved by the Civil Practice Act, Ga. L. 1966, p. 609, § 81 (j) (m), are no longer preserved. OCGA § 9-11-81. We now have one form of action, OCGA § 9-11-2, whether legal or equitable, OCGA § 9-11-1. If plaintiff's complaint could be maintained as an action for ejectment, as the majority imply, it should not have been dismissed, *Murrey v. Specialty Underwriters, Inc.*, supra, regardless of how it was labeled by plaintiff. I therefore dissent.

I am authorized to state that Justice Weltner joins in this dissent.