A96A1575. GILLIS v. AMERICAN GENERAL LIFE & ACCIDENT INSURANCE COMPANY et al.
(476 SE2d 648)

McMURRAY, Presiding Judge.

Mathel Lee Gillis, an independent insurance agent and former representative of American General Life & Accident Insurance Company ("American"), filed an action against American and two of its agents, defendants Alton Lively and Daniel Johnson, alleging

defendants Lively and Johnson uttered defamatory statements about her to her (Gillis's) current and former customers. Gillis sought recovery for slander per se, tortious interference with business relations and intentional infliction of emotional distress. Defendants Alton Lively and Daniel Johnson denied the material allegations of the complaint and filed separate counterclaims, alleging Gillis improperly seized customer lists before leaving American and improperly used this proprietary information to their economic detriment. American responded with a motion to dismiss, contending it cannot be liable under the doctrine of respondeat· superior for any alleged defamatory statements uttered by defendants Lively and Johnson. This appeal followed the trial court's order granting American's motion to dismiss. *Held*:

When the sufficiency of a complaint is questioned via a motion to dismiss, the complaint must be construed in the light most favorable to the plaintiff with all doubts resolved in her favor, even though unfavorable constructions are possible. *Western Contracting Corp. v. State Hwy. Dept.*, 125 Ga. App. 376, 379 (1) (187 SE2d 690). " 'A motion to dismiss should not be granted unless it appears to a certainty that the plaintiff would be entitled to no relief under any state of facts which could be proved in support of his claim.' *Finch v. City of Atlanta*, 232 Ga. 415, 416 (207 SE2d 46) (1974). [In the case sub judice,] [t]he order of the trial court does not recite the grounds upon which the [motion] to dismiss [was] sustained; however, if the judgment is authorized for any reason, it must be affirmed. *Beazley v. Williams*, 231 Ga. 137, 138 (200 SE2d 751) (1973)." *Murrey v. Specialty Underwriters*, 233 Ga. 804, 806 (213 SE2d 668).

In Georgia, a corporation cannot be liable for slanderous remarks unless it can be proved that the corporation expressly ordered and directed an agent to speak the very words in question. *Garren v. Southland Corp.*, 237 Ga. 484, 485 (228 SE2d 870); *Behre v. Nat. Cash Register Co.*, 100 Ga. 213, 214 (1) (27 SE 986). In the case sub judice, Gillis's complaint alleges that defendants Lively and Johnson uttered disparaging words about her in the business community and that American is liable for the precipitating damages under the doctrine of respondeat superior. The complaint, however, does not allege that American expressly ordered and directed defendants Lively and Johnson to utter disparaging words against Gillis. But this omission is not fatal to Gillis's cause of action against American.

" 'A complaint is not required to set forth a cause of action, but need only set forth a claim for relief. . . . If, within the framework of the complaint, evidence may be introduced which will sustain a grant of relief to the plaintiff, the complaint is sufficient.' *Mitchell v. Dickey*, 226 Ga. 218, 220 (173 SE2d 695) (1970)." *Christner v. Eason*, 146 Ga.

App. 139, 140 (245 SE2d 489). From this perspective, we cannot say with precise certainty that Gillis's slander claim against American cannot be sustained. There may well be proof at trial or upon summary adjudication which may authorize a finding that American expressly ordered and directed defendants Lively and Johnson to utter disparaging words about Gillis in the business community. This, of course, is not to say that civil discovery will not dispel any such basis for liability. We hold only that measuring the basis of Gillis's claims against American at this early stage of the proceedings is premature. Indeed, our examination of the scant record in the case sub judice reveals nothing which authorizes dismissal of Gillis's claims against American for defamation, tortious interference with business relations and intentional infliction of emotional distress. See *Garren v. Southland Corp.*, 237 Ga. 484, 485, supra; *Behre v. Nat. Cash Register Co.*, 100 Ga. 213, 214 (2), supra; and *Davis v. Copelan*, 215 Ga. App. 754, 764 (2) (452 SE2d 194). Consequently, the trial court erred in granting American's motion to dismiss.

*Judgment reversed. Johnson and Ruffin, JJ., concur.*

DECIDED SEPTEMBER 25, 1996.

*Swanson & Cherry, Mark R. Swanson, Diane Cherry*, for appellant.

*Hawkins & Parnell, Kevin J. Bahr, Lawrence J. Myers, Paul R. Vancil*, for appellees.