## A07A1260. LOVE v. MOREHOUSE COLLEGE, INC.
(652 SE2d 624)

MILLER, Judge.

Gregory A. Love appeals from the trial court's order dismissing his complaint against Morehouse College, Inc. ("Morehouse") for failure to state a claim upon which relief can be granted. Finding that the trial court applied the incorrect legal standard in dismissing Love's complaint, we reverse.

We review a trial court's order dismissing a plaintiff's complaint de novo, *Moore v. BellSouth Mobility*, 243 Ga. App. 674, 675 (534 SE2d 133) (2000), and will affirm the same only where (i) the allegations of the complaint disclose with certainty that the plaintiff "would not be entitled to relief under any state of provable facts asserted" therein and (ii) the defendant establishes that the plaintiff "could not possibly introduce evidence sufficient to warrant a grant of the relief sought." (Citation and punctuation omitted.) *TIG Specialty Ins. Co. v. Brown*, 283 Ga. App. 445 (641 SE2d 684) (2007). In making this analysis, we view all of the plaintiff's well-pleaded material allegations as true, and view all denials by the defendant as false, noting that we are

under no obligation to adopt a party's legal conclusions based on these facts. *Southwest Health & Wellness v. Work*, 282 Ga. App. 619, 623 (2) (639 SE2d 570) (2006).

So viewed, the record shows that in November 2002, while a student at Morehouse, Love was beaten with a baseball bat in his dormitory shower, located on the Morehouse campus. Love's assailant, a fellow Morehouse student, allegedly perpetrated the attack because he believed that Love was homosexual, and that he had glanced at him in an inappropriate way.[1]

As a result of the attack, Love initiated the current action against Morehouse, asserting claims sounding in ordinary and gross negligence, premises liability, and negligent and intentional infliction of emotional distress. Morehouse moved to dismiss Love's complaint, arguing that the allegations contained therein did not establish the existence of a legal duty owed by the college to Love. The trial court granted that motion, finding that while Morehouse owed Love a duty of reasonable care to protect him from injury on campus, Love had failed to "come forward with any evidence that the injury he suffered was foreseeable."

This statement indicates that the trial court failed to apply the correct standard for determining a motion to dismiss. Under that standard, Love was not required to come forward with evidence of foreseeability, but instead was obligated only to allege facts that, if proven, could create a factual question for the jury as to whether the attack on him was foreseeable. We find that his complaint does allege such facts and that the trial court's ruling was therefore in error.

In deciding a motion to dismiss, we are cognizant of the fact that a "complaint is not required to set forth a cause of action, but need only set forth a claim for relief. If, within the framework of the complaint, evidence may be introduced which will sustain a grant of relief to the plaintiff, the complaint is sufficient." (Citations and punctuation omitted.) *Gillis v. American Gen. Life &c. Ins. Co.*, 222 Ga. App. 891, 892 (476 SE2d 648) (1996).

To sustain the claims set forth in his complaint, Love's allegations must permit the introduction of evidence demonstrating a "legal duty to conform to a standard of conduct raised by the law for the protection of others against unreasonable risks of harm," and a breach of the same. *Watson v. Gen. Mechanical Svcs.*, 276 Ga. App. 479, 481 (623 SE2d 679) (2005). Duty cannot be divorced from foreseeability, however, and thus "[i]t follows that, to establish a

---

[1] Love's assailant was subsequently convicted of aggravated assault and battery and, at the time the complaint was filed, was serving a prison sentence resulting from those convictions.

breach of the applicable standard of conduct to support a negligence action, there must be evidence that the act (or omission to act) alleged to be negligent created a *foreseeable* unreasonable risk of harm. [Cit.]" (Emphasis in original.) Id. at 481-482.

Georgia law recognizes that a college or university has a duty, as a landowner, to exercise ordinary and reasonable care for a student's safety and to take reasonable steps to protect against foreseeable acts of violence on its campus. See *Agnes Scott College v. Clark*, 273 Ga. App. 619 (616 SE2d 468) (2005). In *Agnes Scott*, this Court addressed the issue of foreseeability as it relates to criminal acts perpetrated by nonstudents, whose presence on the campus was unknown to the university, and found that for such a crime to be considered foreseeable,

> it must be substantially similar to previous criminal activities occurring on or near the premises such that a reasonable person would take ordinary precautions to protect invitees from the risk posed by the criminal activity. . . . While the prior criminal activity must be substantially similar to the particular crime in question, that does not mean identical. What is required is that the prior incident be sufficient to attract the landowner's attention to the dangerous condition which resulted in the litigated incident.

(Citation and punctuation omitted.) Id. at 621-622 (1).

While this case involves an assault perpetrated by one student against another, the relevant question with respect to foreseeability remains the same: Were there previous incidents that should have attracted Morehouse's attention to the danger that resulted in the incident at issue? In this regard, we note that

> [w]ith reference to foreseeability of injury, the correct rule is that in order for a party to be held liable for negligence, it is not necessary that he should have been able to anticipate the particular consequences which ensued. It is sufficient if, in ordinary prudence, he might have foreseen that some injury would result from his act or omission, and that consequences of a generally injurious nature might result. [Cit.]

*Freeman v. Wal-Mart Stores*, 281 Ga. App. 132, 136 (2) (635 SE2d 399) (2006). See also *Razdan v. Parzen*, 157 Ga. App. 848, 849 (278 SE2d 687) (1981) ("An event is not regarded as being foreseeable if it is one in the nature of an extraordinary coincidence, or a conjunction of circumstances or which would not occur save under exceptional circumstances. . . .").

Here, Love alleged that prior to the assault on him, Morehouse had failed to address the harassment of students believed to be homosexual; had fostered an atmosphere of hatred and violence toward such students; had "approved and ratified the disparate treatment" of those students; and had failed to take disciplinary action as to the students who perpetrated such behavior. Love's complaint also asserts that, at the time of the attack on him, Morehouse was aware of "several previous instances involving problems of homophobia and intolerance" toward Morehouse's homosexual students. These allegations are sufficient to survive a motion to dismiss. Although Love's complaint speaks of "harassment," he may be able to introduce evidence showing either that such harassment involved acts of violence or that it was reasonably foreseeable that such harassment could escalate into violence.

Applying the relevant law to these allegations, we cannot say with certainty that Love has failed to assert any cognizable claims against Morehouse and find that measuring the basis of those claims at this early stage of the proceedings is premature. See *Gillis*, supra, 222 Ga. App. at 892.

*Judgment reversed. Barnes, C. J., and Smith, P. J., concur.*

DECIDED OCTOBER 5, 2007.

*Delvin & Robinson, Rebecca C. Smith*, for appellant.
*Hawkins & Parnell, Michael J. Goldman*, for appellee.