**FOURTH DIVISION**
**DOYLE, P. J.,**
**MCFADDEN and BOGGS, JJ.**

**NOTICE: Motions for reconsideration must be**
***physically received* in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules/**

**March 27, 2014**

# In the Court of Appeals of Georgia

A13A1928. THE MEDICAL CENTER OF CENTRAL GEORGIA,
   INC. v. THE CITY OF MACON.

BOGGS, Judge.

The Medical Center of Central Georgia, Inc. ("the Hospital") appeals from the trial court's order granting summary judgment in favor of the City of Macon ("the City") regarding the City's obligation to pay for the treatment of 220 patients brought to the Hospital by City police officers.[1] The Hospital contends that the trial court erred because (1) the patients were "inmates" under OCGA § 42-5-2 (a), and the City was therefore liable for their medical treatment; (2) OCGA § 42-5-2 (a) obligated the City to pay for a detainee's medical expenses; and (3) the trial court failed to address

---

[1] While the trial court also concluded that the City was not responsible for paying for medical examinations of sexual assault victims, the Hospital does not assert any error on appeal with regard to this portion of the trial court's order.

the Hospital's alternative theories of recovery for quasi-contract claims of quantum meruit and unjust enrichment. For the reasons explained below, we affirm in part, vacate in part, and remand this case to the trial court with direction.

Summary judgment is proper when the record reveals no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. OCGA § 9-11-56 (c). "We review the trial court's grant of summary judgment de novo, construing the evidence and all reasonable inferences in favor of the nonmoving party." (Footnote omitted.) *Melman v. FIA Card Svcs.*, 312 Ga. App. 270 (718 SE2d 107) (2011). So viewed, the record shows that the Hospital filed a complaint against the City asserting that it breached its statutory duty under OCGA § 42-5-2 (a) by failing to pay the Hospital for persons treated at the Hospital while "under the custody and control of the City" and its police department. The Hospital also asserted that the City owed it money "on account" and sought a declaratory judgment that the City was responsible for paying for the medical treatment of persons in the custody of the City's police department. It later amended its complaint to assert claims for quantum meruit and unjust enrichment.

In 2009, almost four years after the suit against it was filed, the City moved for summary judgment in its favor because: (1) it owed no duty under OCGA § 42-5-2

2

(a) because the patients at issue were not "inmates" of the City within the meaning of the statute; (2) OCGA § 42-5-2 (a) did not create a right for the Hospital to sue the City for payment for the care of inmates; (3) the Hospital's quantum meruit and unjust enrichment claims failed for a variety of reasons, and (4) the Hospital neglected to provide a timely and sufficient ante litem notice for numerous patient accounts listed in its complaint, as amended.

In June of 2012, nearly three years after the summary judgment motion was filed, the trial court held a hearing on it. The parties noted at the beginning of the hearing that there had been many conferences about the case and the parties intentionally suspended briefing and "let it sit since [20]09" in order "to let discovery continue." The City's counsel stated at the beginning of the hearing that

> there is an issue . . . in each one of these claims as to whether the person was actually in the custody of the Macon Police Department, but we're not here about that today, Judge. So for today, I would suggest, . . . that we can assume that all of these people were in the custody of a Macon police officer when they arrived at the emergency room. . . . And that's just for . . . purposes of today. . . . [I]f it were to go forward to a trial, there would be an issue in most of the claims or some of the claims as to whether these people were actually in custody. . . . We're assuming that the City has physical custody of these people when they come in."

3

> [F]or the purpose of this motion for summary judgment . . . the City can concede that we have these people."

The record shows that it is undisputed that the City "does not operate a jail or detention facility. Individuals arrested by officers of the Macon Police Department for violation of state law are delivered directly to the Sheriff of Bibb County for incarceration in the Bibb County Jail."

Following a hearing, the trial court issued a detailed order, in which it concluded that the Hospital's claims against the City failed because OCGA § 42-5-2 (a) "imposed no duty owed by the City to the Hospital." It also expressly provided an alternative analysis to support its grant of summary judgment to the City "[i]n the event that the above grant of summary judgment might be deemed error." In a section of its order titled "The Hospital Failed to Meet its Burden of Proof," the trial court stated:

> Referring to the surrounding statutes, it appears that the legislature intended, at a minimum, that a person (1) be either charged or convicted of a crime, and (2) be held at a jail or other similar, traditional detention facility. Since the plaintiff Hospital has produced no evidence as to either of these elements, this Court cannot find that any of the . . . patients were inmates. Therefore the City has carried its burden of identifying an absence of evidence in the record supporting plaintiff

4

Hospital's claim. The City is therefore entitled to summary judgment as a matter of law.

Following the entry of the trial court's order, the Hospital filed a timely notice of appeal.

Five months after the notice of appeal was filed, the trial court signed a "Stipulation and Order" agreed to by the City and the Hospital which provided, in part:

In [its summary judgment] order, the Court found, *inter alia*, that The Medical Center had presented no evidence with respect to the following issue[]:

1.  Whether the patients were within the physical custody of the Macon Police Department (herein "MPD") . . . ;

Following the entry of the [summary judgment] order, . . . The Medical Center filed its Notice of Appeal.[2] Subsequently, on January 24, 2013, the Medical Center filed its Motion to Supplement the Record and Memorandum of Authorities in Support Thereof.[3] . . . After counsel for the parties conferred with each other and the Court, The Medical Center

---

[2] In its original notice of appeal, the Hospital asked that the clerk of the trial court "omit nothing from the record" and include all transcripts of evidence and proceedings.

[3] The record before us does not include this motion.

and the City are in agreement that whether the patients were in the physical custody of MPD [Macon Police Department] is a factual issue. For purposes of the City's Motion for Summary Judgment only, the City conceded that the patients were in the physical custody of the MPD when the patients were treated by The Medical Center. Therefore, the issue of the physical custody of the patients was not a ground for the granting of the City's Motion for Summary Judgment. . . . Therefore, in summary, as a result of this Stipulation, The Medical Center is not required to supplement the record on appeal with respect to the physical custody of the patients. . . . The foregoing Stipulation is hereby made the Order of this Court."

Nine days after the entry of the stipulation, the Hospital amended its notice of appeal to list only certain pleadings and transcripts to be *included* in the record on appeal.[4] This notice of appeal "is not in the form directed by OCGA § 5-6-37 in that, rather than designating the portions of the record to be omitted on appeal, plaintiff has instructed that only the items listed on the notice of appeal be included in the record sent to this court." (Citation and punctuation omitted.) *Moulton v. Wood*, 265 Ga.

---

[4] The amended notice of appeal states that its purpose "is to reduce the scope of the filings to be included in the record on appeal in light of the parties' Stipulation and Order, which was entered on March 6, 2013, to limit by agreement the factual issues relating to Defendant's Motion for Summary Judgment."

6

App. 389 (593 SE2d 911) (2004). The appeal was subsequently docketed in this court on May 28, 2013.

After the docketing of this appeal, the Hospital filed a second motion to supplement the record to include "289 deposition exhibits and five sets of discovery responses." In its order denying this motion,[5] the trial court stated that it was

> too late to add into the record evidence that was not produced to the Court during the three years in which this motion was pending, or during the three months between the evidentiary hearing on this motion and the Court's order. To ask the Court of Appeals to consider evidence that the Hospital would have produced if it fully appreciated its burden, and to reverse this Court's decision based on that evidence, is to ask the Court of Appeals to exercise original jurisdiction in this case rather than sit as a court of review.

1. In related enumerations of error, the Hospital asserts that the trial court erred when it concluded that the patients at issue were not "inmates" under OCGA § 42-5-2 (a), and that this Code section did not create a duty for the City to pay for medical treatment of those in its physical custody. Nowhere in its brief on appeal, however, does the Hospital assert that the trial court erred by granting summary judgment in

---

[5] The trial court directed the clerk of court to supplement the record to include this order and transmit it to this court.

the City's favor on the alternative ground that the Hospital failed to submit any evidence demonstrating that the patients at issue had been charged or convicted of a crime to qualify them as "inmates" under OCGA § 42-5-2 (a).[6] "Grounds that are not attacked as erroneous will not be considered on appeal and are presumed to be binding and correct. [Cits.] An appellant's failure to attack alternative bases for summary judgment results in the affirmance of that judgment. [Cit.]" *Tidwell v. Coweta County Bd. of Educ.*, 240 Ga. App. 55, 55-56 (1) (521 SE2d 889) (1999). See also *Hewitt v. Community & Southern Bank*, 324 Ga. App. 713, 716 (2) (751 SE2d 513) (2013). We therefore affirm the portion of the trial court's order granting summary judgment to the City on the Hospital's claims pursuant to OCGA § 42-5-2 (a).[7]

---

[6] This Code section provides, in relevant part, that "it shall be the responsibility of the governmental unit, subdivision, or agency having the physical custody of an *inmate* to maintain the inmate, furnishing him food, clothing, and any needed medical and hospital attention." (Emphasis supplied.) OCGA § 42-5-2 (a). The trial court noted that this Code section does not define "inmate" and looked to other Code sections (OCGA § 42-4-50, § 42-4-70, and § 42-5-55) to conclude that the definition of inmate is limited "to those persons who have been at least charged with or convicted of a crime."

[7] We do not address the trial court's conclusion that OCGA § 42-5-2 (a) does not create a duty for the City to pay the Hospital for the medical treatment of those in its physical custody. By its terms, OCGA § 42-5-2 (a) applies only to "inmates" in the physical custody of a governmental entity, and as explained above, the Hospital

2. In its remaining enumeration of error, the Hospital contends that the trial court erred by granting summary judgment in the City's favor, because it "completely failed to address [its] independent quasi-contract claims for quantum meruit and unjust enrichment." Based upon our review of the trial court's order, we agree that it failed to consider these claims. The order discusses only the three causes of action raised in the Hospital's original complaint, and it appears to have overlooked the additional theories of recovery raised for the first time in the Hospital's amended complaint. While the viability of the Hospital's quantum meruit and unjust enrichment claims was raised in the parties' summary judgment briefs below, we decline to address these grounds on appeal because they were not ruled upon by the trial court. See *City of Gainesville v. Dodd*, 275 Ga. 834, 838-839 (573 SE2d 369) (2002); *Ga. Neurology & Rehabiltation v. Hiller*, 310 Ga. App. 202, 208 (2) (b) (712 SE2d 611) (2011).[8] We therefore vacate in part the trial court's grant of summary

has not enumerated as error the trial court's finding that it failed to meet its burden of presenting evidence showing that the patients at issue qualify as "inmates" under this Code section.

[8] We further note that the record before us is incomplete based upon the Hospital's decision to amend its notice of appeal to list only the items to be included by the clerk based upon a stipulation and order that the trial court entered *after* the notice of appeal was filed. The trial court lacked jurisdiction to enter this order after the notice of appeal was filed. It is clear under Georgia law that "the filing of the

judgment only as to the Hospital's quantum meruit and unjust enrichment claims, and

we remand this case to the trial court to address them.

*Judgment affirmed in part, vacated in part, and case remanded with direction.*

*Doyle, P. J., concurs, McFadden, J., concurs fully in Division 2 and concurs specially*

*in Division 1.*

---

notice of appeal operates as a supersedeas and deprives the trial court of the power to affect the judgment appealed, so that subsequent proceedings purporting to supplement, amend, alter or modify the judgment, whether pursuant to statutory or inherent power, are without effect." (Citation and punctuation omitted.) *Lowe v. Ctr. Neurology Assocs.* 288 Ga. App. 166, 168 (1) (653 SE2d 318) (2007).

A13A1928. THE MEDICAL CENTER OF CENTRAL GEORGIA,

    INC. v. THE CITY OF MACON.

MCFADDEN, Judge, concurring fully and specially.

I concur fully in Division 2. I concur in the judgment in Division 1, but I do not agree with all that is said in that Division.

I do not agree with the majority's holding that the Hospital failed to "attack" the "alternative ground" that there was no evidence that the patients "had been charged or convicted of a crime" and that they therefore could not qualify as "inmates." . As the majority acknowledges, the Hospital's brief does enumerate as error the finding that the patients were not inmates. And the Hospital does argue that the fact that the patients would have been incarcerated but for their medical needs qualifies them as "inmates." That argument, in my view, is an attack sufficient to warrant consideration on the merits.

But the Hospital does not support the factual foundation of that argument with citations to the record. It is not our role to cull the record for the parties. *Pruitt v. State,* 323 Ga. App. 689, 690(1) (747SE2d 694) (2013) (this court will not cull the record in search of error on behalf of a party, and if we have missed something in the record or misconstrued an argument, the responsibility rests with counsel).

I recognize that in its appellate brief the City "concedes that the patients at issue in this case would have been delivered over to the Sheriff of Bibb County for incarceration but for the fact that they required medical treatment." . But the City also fails to cite to the record. And the trial court made findings to the contrary.