**FIRST DIVISION**
**BARNES, P. J.,**
**MERCIER and BROWN, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**June 24, 2019**

# In the Court of Appeals of Georgia

A19A0776. RAY v. FULTON COUNTY et al.

BROWN, Judge.

Alexander Ray appeals from the trial court's order dismissing his personal injury action asserting claims against the following persons in their individual capacities: Theodore Jackson, Sheriff of Fulton County, Jimmy Carter, Chief Deputy of the Fulton County Sheriff's Office, Jimmy Butts, Colonel Chief of Staff of the Fulton County Sheriff's Office, and Mildred Jackson,[1] a Fulton County Sheriff's

---

[1] The record before us contains no evidence that Mildred Jackson was served with the complaint, and only defendants Fulton County, Theodore Jackson, Jimmy Carter, and Jimmy Butts filed an answer and moved to dismiss the complaint. The trial court's order, however, stated that it "GRANTS Defendants['] Motion to Dismiss as to *all* Defendants." (Emphasis supplied.)

Office employee.[2] On appeal, he asserts that the trial court erred in (1) failing to find that the deadline for serving an ante-litem notice was not tolled by a pending criminal prosecution; (2) concluding that official immunity bars recovery as a matter of law; and (3) finding that his injuries were not foreseeable as a matter of law. For the reasons explained below, we agree and reverse.

1. With regard to Ray's enumeration of error regarding the tolling of the ante-litem notice provision, we find that it is moot. The trial court dismissed only the claims against Fulton County and Jackson, in his official capacity as Sheriff of Fulton County, based upon the expiration of the time period within which to file an ante-litem notice. But as we already have pointed out, this was not the sole basis for the trial court's dismissal of Fulton County and the claim against Jackson in his official capacity. It also did so based upon Ray's concession that they were entitled to sovereign immunity. Because Ray does not assert any error with regard to this portion of the trial court's order, the asserted error[3] with regard to the ante-litem issue is

[2] While Ray also asserted a claim against Jackson in his official capacity as Sheriff of Fulton County, as well as Fulton County, he agreed to the trial court's dismissal of this portion of his complaint based upon sovereign immunity.

[3] Ray sought permission from this Court to file a motion to supplement this enumeration of error to also assert that the ante-litem provision does not apply to defendants sued in their individual capacities. As the trial court's order clearly

moot. See *Med. Center of Central Ga.v. City of Macon*, 326 Ga. App. 603, 607 (1) (757 SE2d 207) (2014) ("Grounds that are not attacked as erroneous will not be considered on appeal and are presumed to be binding and correct.") (Citations and punctuation omitted).

2. In related enumerations of error, Ray contends that the trial court should have allowed discovery to proceed before ruling that the individual defendants were entitled to official immunity as a matter of law because their alleged acts were discretionary. We agree.

> A motion to dismiss for failure to state a claim should not be granted unless it appears to a certainty that the plaintiff would be entitled to no relief under any state of facts which could be proved in support of his claim. If, within the framework of the complaint, evidence may be introduced which will sustain a grant of relief to the plaintiff, the complaint is sufficient.

(Citation and punctuation omitted.) *Austin v. Clark*, 294 Ga. 773, 775 (755 SE2d 796) (2014). "We review de novo a trial court's ruling on a motion to dismiss. [Cit.]" *U-Haul Co. of Arizona v. Rutland*, 348 Ga. App. 738, 740 (824 SE2d 644) (2019).

---

contains no such ruling, we deny this motion.

Official immunity "provides that while a public officer or employee may be personally liable for his negligent ministerial acts, he may not be held liable for his discretionary acts unless such acts are wilful, wanton, or outside the scope of his authority." (Citations and punctuation omitted.) *Austin*, 294 Ga. at 774.

> A ministerial act is commonly one that is simple, absolute, and definite, arising under conditions admitted or proved to exist, and requiring merely the execution of a specific duty. A discretionary act, however, calls for the exercise of personal deliberation and judgment, which in turn entails examining the facts, reaching reasoned conclusions, and acting on them in a way not specifically directed.

(Citation and punctuation omitted.) Id. The determination of the "pivotal distinction between a discretionary and a ministerial duty is highly fact-specific," and a plaintiff's failure to point to "specific and clear procedures" required to be performed is not fatal at the motion to dismiss stage of a case. *Austin*, 294 Ga. at 774, 775. This is because "factual evidence which may or may not be developed during discovery . . . can be considered on a subsequent motion for summary judgment." Id. at 775.

In this case, the complaint alleges that Ray was injured when a former sheriff's deputy, Michael Carroll, who had indisputably retired in lieu of dismissal two years before, shot him while working as an armed security guard in an apartment complex,

4

resulting in Ray's paralysis from the waist down. Ray's claim against the individual defendants is based upon a theory that they were involved in providing him with a letter stating that he merely retired, rather than retired in lieu of dismissal. He asserts that the letter created the false impression that Carroll honorably retired from the Fulton County Sheriff's Office and that it was foreseeable to the defendants that he would use the letter "to secure future employment as a peace officer — and even as an *armed* peace officer." (Emphasis supplied.) Ray's complaint alleges that if the Fulton County Sheriff's Office had not "covered up" his true employment history, he would not have been hired by the apartment complex and shot Ray "without reasonable provocation." As a result of the shooting, Carroll faced criminal charges for aggravated assault and possession of a firearm in the commission of a felony. At the time of the trial court's ruling on the motion to dismiss, these charges were apparently still pending.

Attached to the complaint are documents showing that on March 30, 2011, defendant Carter recommended that Carroll be dismissed; that on April 7, 2011, Carroll sent an interoffice memorandum to defendant Mildred Jackson, stating, "I am retiring from my position at the Fulton County Sheriff's [D]ept. My last day on duty will be April 12, 2011. Your assistance in updating my personnel file to reflect my

retirement date is appreciated"; that the bottom of the memorandum contains the initials of defendants Carter and Butts and what appears to be the initials of defendant Theodore Jackson beside the handwritten word "Approved"; that on April 8, 2011, Theodore Jackson delivered a letter to Carroll stating, "I have received your retirement letter dated April 7, 2011, and I have decided to accept your retirement in lieu of dismissal. **Your retirement was approved and will be effective on Tuesday, April 12, 2011.**" (emphasis in original); that on April 12, 2011, Theodore Jackson completed a "Georgia Peace Officer Standards and Training Council[4] Change of Status Form" stating that Carroll had "separated" and the type of separation was "resignation in lieu of dismissal" with the additional statement that "retirement accepted in lieu of dismissal" under a box titled "Reason for Disciplinary Action"; and that on the same day, April 12, 2011, defendant Mildred Jackson signed a letter on Fulton County Sheriff's Office letterhead addressed "To Whom It May Concern," stating, "This is to certify that effective April 12, 2011[,] Deputy Sheriff Michael Carroll retired from the Fulton County Sheriff's Office."

_____

[4] This entity is often referred to as the POST Council.

Two years later, Carroll applied for a job with the apartment complex where he later shot Ray. He listed 25 years of experience with the Fulton County Sheriff's office and stated that his reason for leaving was "best time an (sic) opportunity to leave." The complaint alleges that the two-year-old letter from the Fulton County Sheriff's Office stating only that he had retired was part of his application for the job with the apartment complex.

Based upon the facts alleged in Ray's complaint, we cannot say "that the allegations of the complaint disclose with certainty that [Ray] would not be entitled to relief under *any* state of provable facts asserted in support." (Emphasis in original.) *Austin*, 294 Ga. at 775. Discovery could conceivably reveal clear and specific procedures that were violated by the defendants in their individual capacities when the April 12, 2011 "To Whom It May Concern" letter was created and presumably provided to Carroll for his use in obtaining future employment. Accordingly, their acts could potentially be construed as ministerial, and the trial court erred by granting the motion to dismiss based upon official immunity.

3. In his remaining enumeration of error, Ray contends that the trial court erred by granting the motion to dismiss based upon its conclusion that his injuries could not have been foreseen by the defendants as a matter of law. We agree.

[W]ith reference to foreseeability of injury, the correct rule is that in order for a party to be held liable for negligence, it is not necessary that he should have been able to anticipate the particular consequences which ensued. It is sufficient if, in ordinary prudence, he might have foreseen that some injury would result from his act or omission, and that consequences of a generally injurious nature might result.

(Citations omitted.) *Love v. Morehouse College*, 287 Ga. App. 743, 745 (652 SE2d 624) (2007). Ray's complaint alleges numerous disciplinary incidents that could conceivably put the individual defendants on notice that Carroll would use the April 12, 2011 letter to find work as a security guard and harm someone. In *Govea v. City of Norcross*, 271 Ga. App. 36 (608 SE2d 677) (2004), this Court reversed the grant of summary judgment to a city that reported to the POST Council that a police officer "'voluntarily resigned'" as opposed to "'resigned in lieu of termination.'" Id. at 39, 44 (3). Based upon our determination that the city "could have foreseen that [the officer] would obtain future employment as a police officer" and cause harm to another through negligent performance of his duties in future employment as a police officer, we concluded that a jury question existed with regard to proximate cause. Id. at 44-46 (3).

Here, without additional discovery regarding Carroll's numerous disciplinary incidents and the defendants' knowledge, we cannot say "that the allegations of the complaint disclose with certainty that [Ray] would not be entitled to relief under *any* state of provable facts asserted in support." (Emphasis in original.) *Austin*, 294 Ga. at 775. See also *Love*, 287 Ga. App. at 746 (reversing trial court's dismissal of claim against college where student injured by another student in a dorm). We therefore reverse this portion of the trial court's motion to dismiss order as well.

*Judgment reversed. Barnes, P. J., and Mercier, J., concur.*